UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL UNION NO. 474 HEALTH AND WELFARE FUND, OPERATING ENGINEERS LOCAL UNION NO. 474 PENSION FUND, and OPERATING ENGINEERS LOCAL UNION NO. 474 APPRENTICESHIP FUND,<br><br>Plaintiffs,<br><br>v.<br><br>J.N. THOMPSON CONSTRUCTION COMPANY, INC.,<br><br>Defendant. | Civil Action No. _____ |

## **COMPLAINT**

Operating Engineers Local Union No. 474 Health and Welfare Fund, Operating Engineers Local Union No. 474 Pension Fund and Operating Engineers Local Union No. 474 Apprenticeship Fund (Plaintiffs), complaining of J.N. Thompson Construction Company, Inc. (Defendant), allege as follows:

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to recover employer contributions owed to the Plaintiffs. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

2. Venue is based on 29 U.S.C. § 1132(e)(2) as the Plaintiffs are an employee welfare benefit plan, an employee pension benefit plan and an apprenticeship training program as those terms are defined in ERISA at 29 U.S.C. 1002(1) and 29 U.S.C. 1002(2)(A), and in that Plaintiffs are administered in this judicial district through Southern Benefit Administrators, Inc. of Goodlettsville, Tennessee.

3. The Plaintiffs are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health, welfare and pension benefits to participants and beneficiaries of the Plaintiffs after paying administrative and other reasonable expenses of the Plaintiffs.

4. Defendant is an employer and a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c).

5. During all pertinent times, Defendant was a party to a collective bargaining agreement. Pursuant to this agreement, Defendant agreed to pay certain contributions to the Plaintiffs on behalf of covered employees. Pursuant to this agreement, the Defendant was bound by the provisions of the trust agreement which created the Plaintiffs and was thereby obligated to pay and honor all obligations to the Plaintiffs.

6. Plaintiffs operate on the basis of an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed or from whom money has been withheld from wages, identify the hours and weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiffs.

7. The collective bargaining agreement and trust agreement require prompt payment of all such contributions and payments, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest on unpaid contributions. The Plaintiffs operate pursuant to written procedures which authorize the entry of a judgment against an employer for contributions owed to include by mandate of the Court the greater of a doubling of the interest or liquidated damages based upon unpaid as allowed by 29 U.S.C. § 1132(g)(2)(C)(i) and (ii).

8. The Multiemployer Pension Plan Amendments Act of 1980, adding 29 U.S.C. §1145 to ERISA, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make those contributions in accordance with the terms and conditions of such plan or such agreement.

9. Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, and the trust agreement whereby the Plaintiffs were created and operate, such breach occurring by virtue of Defendant's not making reports and/or not paying contributions due which employee work histories would indicate should have been paid.

10. Despite demand that Defendant perform its statutory and contractual and trust obligations with respect to making contributions and payments to the Plaintiffs, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct described herein, and Defendant currently owes an outstanding principal amount without regard to accumulated interest. Defendant owes accumulated interest on the unpaid contribution as a result of its conduct as described herein.

11. The failure of Defendant to pay contributions on behalf of its employees will cause the Plaintiffs to suffer irreparable harm; further, employer delinquencies such as those of Defendant affect and impact upon the financial integrity of the Plaintiffs, and the continued delinquency will cause the Plaintiffs to lose the benefit of interest income that it would otherwise earn and will cause the Plaintiffs to incur additional administrative expenses in connection with the remedying of delinquencies of Defendant.

12. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiffs requests the following relief:

(a) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the collective bargaining agreement, and the trust agreement requiring payment of contributions.

(b) A judgment against Defendant in favor of the Plaintiffs for all sums that are owed as of the date of the judgment plus for the Plaintiffs the greater of double interest or single interest plus liquidated damages and all attorney fees and costs incurred in connection with this action.

(c) For such further or different relief as the Court may deem proper or just.

Respectfully submitted,

/s/ R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Karla M. Campbell, BPR No. 27132
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com
karlac@bsjfirm.com